EMILIA L. LANGE, Individually and as Executrix, etc., of HENRY W. LANGE, Deceased, Respondent, v. WILLIAM E. LANGE, Appellant.

Second Department, December 13, 1918.

Fraud and deceit — action to set aside conveyances and assignment of mortgage by mother to son — burden of proof — evidence — power of Appellate Division under section 1317 of the Code of Civil Procedure to modify judgment setting aside conveyances by declaring them impressed with a trust.

In an action to vacate and set aside conveyances and an assignment of a mortgage made by a mother to her son, the defendant by merely disproving the actual deceit or affirmative fraud does not sufficiently meet the burden of proof which the circumstances of relationship and his mother's physical condition place upon him. He is bound to show that the plaintiff fully understood and comprehended the nature of the transactions.

The Appellate Division may, under section 1317 of the Code of Civil Procedure, upon the defendant's admissions, modify the judgment vacating and setting aside the conveyances and assignment by declaring the transfers impressed with a trust to apply the rents, income and profits thereof to the mother's maintenance and support, and also that if plaintiff so elect she may have an accounting from defendant of the avails of the mortgage and of the rents and income of the property so transferred.

APPEAL by the defendant, William E. Lange, from a judgment of the Supreme Court in favor of the plaintiff, entered

in the office of the clerk of the county of Kings on the 3d day of June, 1918, upon the decision of the court after a trial at the Kings County Special Term.

The judgment vacated and set aside two conveyances and an assignment of the mortgage upon the ground that the execution and delivery of the same were fraudulent and void.

Such instruments were executed on July 15, 1916, by the plaintiff to her only son, the defendant.

*Luke D. Stapleton* [*James A. Blanchfield* with him on the brief], for the appellant.

*Isaac Miller,* for the respondent.

PER CURIAM:

In meeting the burden of proof which the circumstances of relationship and the mother's physical condition placed on defendant, it was not enough to disprove actual deceit or affirmative fraud. The defendant testified that to induce his mother to sign the conveyance he told her that she was signing the property over to him for her own safety and good, that she would be taken care of for the rest of her life, " that everything would go on just the same, that it would not make any difference whether the property was in her name or mine, only that she would be fully protected in that way, and that there would be no difference in any way whatsoever, everything would go on just the same." The deeds, however, placed the defendant in absolute control. The assignment of the mortgage was also absolute. Plaintiff, therefore, parted with the property so as to have no remedy by which to obtain its application for her support. The defendant, therefore, did not discharge the burden cast upon him. This was to show that the plaintiff fully understood and comprehended the nature of the transactions. (*Barnard* v. *Gantz,* 140 N. Y. 249; *Parker* v. *Parker,* 45 N. J. Eq. 224; *June* v. *Willis,* 30 Fed. Rep. 11.) Although the complainant did not ask for this special relief, we can grant it under section 1317 of the Code of Civil Procedure upon the defendant's admissions. We, therefore, modify the judgment by declaring the transfers subject to a trust, instead of annulling them as fraudulent and void. The judgment will, therefore, provide and declare

that the assignment of mortgage and the two conveyances executed by plaintiff to defendant are impressed with a trust to apply the rents, income and profits thereof to the mother's maintenance and support during the term of her natural life. Also that, if plaintiff so elect, she may have an accounting from defendant of the avails of the mortgage and of the rents and income of the property so transferred.

As thus modified, the judgment is affirmed, but without costs.

JENKS, P. J., THOMAS, RICH, PUTNAM and BLACKMAR, JJ., concurred.

Judgment modified in accordance with opinion, and as thus modified affirmed, without costs. Order to be settled on notice.